IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JAY OLDEN BRUCE, JR.                                                                                    PLAINTIFF

v.                                  Civil No. 2:24-cv-02157-MEF

OFFICER TOMMY METCALF
(Crawford County Justice Center) and
SHERIFF JIMMY DAMANTE
(Crawford County, Arkansas)                                                                         DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. The case was directly assigned to the undersigned Magistrate Judge pursuant to General Order 2024-02, but not all parties to the action have consented to the jurisdiction of the undersigned.  *See* 28 U.S.C. § 636(c). Accordingly, for the purpose of preservice review pursuant to 28 U.S.C. § 1915A(a), the case will automatically be reassigned to United States District Judge Timothy L. Brooks and referred to the undersigned for a Report and Recommendation pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3).

## I.    BACKGROUND

Plaintiff filed his Complaint on December 18, 2024.  (ECF No. 1).  He is currently incarcerated in the Crawford County Justice Center.  (*Id*. at 1).  He alleges that on August 25, 2022, Defendant Metcalf was serving last chow when Plaintiff asked him for a peanut butter packet, which was missing from his meal.  (*Id*. at 4).  Plaintiff alleges that Metcalf told him he would get him a peanut butter packet if Plaintiff "sucked his dick."  (*Id*.).  Plaintiff alleges that this was the third occasion when Metcalf "had done something of this nature."  (*Id*.).  Plaintiff does not allege that he was physically assaulted by Defendant Metcalf.  Plaintiff alleges he felt threatened and

1

pressed the emergency call button in his cell and asked to speak to Defendant Sheriff Damante. (*Id*. at 5). He told Damante that he wanted to press charges against Metcalf, but Damante declined, stating that he could not press charges against one of his men. (*Id*.). Plaintiff alleges he "pressed the issue" and was referred to C.I.D., but he received "no affirmation that legal action was taken against him." (*Id*. at 5-6). Plaintiff alleges the facility fails to give inmates access to the PREA[1] hotline to the state police, and the Sheriff's reluctance to take any action indicates "deliberate indifference to incidents of this nature." (*Id*. at 6). Plaintiff alleges he filed several grievances, but these were closed at the first step with no option to appeal. (*Id*.). Plaintiff alleges the incident has caused him mental "angst and anguish," awakened childhood traumas, given him a distrust of correctional staff, and interfered with his reintegration into society, including his ability to maintain gainful employment. (*Id*.). Plaintiff alleges Defendant Damante denied him mental health treatment and sent him to another facility. (*Id*.).

Plaintiff proceeds against Defendants in both their official and individual capacities. (ECF No. 1 at 5). In support of his official capacity claim, Plaintiff alleges that the County does not give inmates access to the PREA hotline to the Arkansas State Police. (*Id*.). As a result, the only option for reporting a PREA incident is jail staff who may be reluctant to file charges against coworkers. (*Id*.).

---

[1] Prison Rape Elimination Act ("PREA"). The PREA authorized the federal government to give grants to prisons and detention facilities that implement procedures designed to reduce the number of prison rapes. 34 U.S.C. §§ 30301-30309. While there appears to be no Eighth Circuit decision on point, other courts have made clear that the PREA does not create a private cause of action. *Johnson v. Garrison*, 859 F. App'x 863, 864 (10th Cir. 2021); *Bowens v. Wetzel*, 674 F. App'x 133, 137 (3d Cir. 2017); *Krieg v. Steele*, 599 F. App'x 213, 232-33 (5th Cir. 2015); *Wilmoth v. Sharp*, No. 6:15-cv-06057, 2018 WL 1092031, *3 (W.D. Ark. Feb. 27, 2018). The Court of Appeals for the Eleventh Circuit has held that a violation of the PREA is not a *per se* violation of the Eighth Amendment. *Cox v. Nobles*, 15 F.4th 1350, 1361 (11th Cir. 2021), *cert. denied*, 142 S. Ct. 1178 (2022).

## II.     LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued.  The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right.  *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'"  *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework."  *Jackson*, 747 F.3d at 544 (cleaned up).  The complaint must still allege specific facts sufficient to support a claim.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.     ANALYSIS

Plaintiff fails to state any plausible constitutional claims based on Defendant Metcalf's offensive statement or Defendant Damante's failure to charge Defendant Metcalf with a crime

based on that statement. In general, "[v]erbal threats do not constitute a constitutional violation." *Martin v. Sargent*, 780 F.2d 1334, 1339 (8th Cir. 1985). Similarly, taunts, name calling, and the use of offensive language does not state a claim of constitutional dimension. *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (inmate's claims of general harassment and of verbal harassment were not actionable under § 1983); *see also Doe v. Gooden*, 214 F.3d 952, 955 (8th Cir. 2000) (abusive language or verbal harassment is not, by itself, unconstitutional and will not support a civil rights cause of action). Moreover, fear or emotional injury which results solely from verbal harassment or idle threats is generally not sufficient to constitute an invasion of an identified liberty interest. *King v. Olmsted County*, 117 F.3d 1065, 1067 (8th Cir. 1997).

Here, Plaintiff has alleged only that Defendant Metcalf made an offensive statement to him and Defendant Damante failed to charge Metcalf with a crime as a result. Plaintiff does not allege that Metcalf physically assaulted him. While Metcalf's statement was juvenile and unprofessional, it does not rise to the level of a constitutional violation. Plaintiff, therefore, fails to state any plausible claims on the facts alleged.

## IV.    CONCLUSION

For these reasons, it is recommended that: (1) the case be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted; (2) Plaintiff/Petitioner is warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g) and thus, the Clerk is directed to place a § 1915(g) strike flag on the case for future judicial consideration; and (3) the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

<u>Referral Status</u>: This case should not remain referred as all matters have been recommended for dismissal in this Report and Recommendation.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 3rd day of February 2025.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE